```
              IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF KANSAS
```

**CARRIE EARLENE WALKER,**

                                **Petitioner,**

           **v.**                                                **CASE NO. 21-3245-SAC**

**KANSAS DEPARTMENT OF CORRECTIONS,**

                                **Respondent.**

## MEMORANDUM AND ORDER

This matter is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.[1] The Court has conducted an initial review of the Petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and it appears that the claims within are not exhausted. Based on the circumstances in this case, the Court will direct Petitioner to provide a status report advising the Court whether she intends to pursue additional state-court remedies.

**Background**

In January 2019, Petitioner pled no contest and/or guilty to multiple criminal charges in the district court of Montgomery County, Kansas. In June 2019, she was sentenced to 292 months in prison and she timely appealed her sentence. The Kansas Court of Appeals (KCOA) summarily dismissed her appeal under Kansas Supreme Court Rule 7.041A, which allows summary dispositions of sentencing

---

[1] Gloria Geither, the current Warden of Topeka Correctional Facility where Petitioner is confined, is hereby substituted as Respondent pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts and Rules 25(d) and 81(a)(4) of the Federal Rules of Civil Procedure.

appeals, and the Kansas Supreme Court (KSC) denied her petition for review on July 29, 2020. Petitioner did not file a petition for writ of certiorari with the United States Supreme Court.

On July 23, 2021, Petitioner completed and mailed to the Montgomery County District Court a pro se motion that appeared to seek habeas relief under K.S.A 60-1507.[2] The district court filed the motion under Petitioner's criminal case number and, on August 9, 2021, denied the motion. Petitioner did not appeal.

Petitioner timely filed her federal habeas petition in this Court on October 22, 2021. (Doc. 1.) She asserts as grounds for relief that she received ineffective assistance of appointed counsel with respect to her plea (Grounds One and Two), that the district court abused its discretion by denying her motion for a downward sentencing departure (Ground Three), and that the district judge had a conflict of interest that required his recusal, yet Petitioner's counsel did not pursue recusal (Ground Four). Petitioner has left blank the portion of the federal habeas form in which she should identify the relief she seeks through her petition.

**Exhaustion**

A state prisoner must exhaust all available state-court remedies before pursuing federal habeas relief unless it appears there is an absence of available state corrective process or circumstances exist that render such process ineffective to protect the petitioner's rights. See 28 U.S.C. § 2254(b)(1); *see also Bland v. Simmons*, 459 F.3d 999, 1011 (10th Cir. 2006). The exhaustion

---

[2] Under Kansas law, "a K.S.A. 60-1507 motion 'is an independent civil action that must be docketed separately,' and 'the procedure on a motion under K.S.A. 60-1507 is governed by the rules of civil procedure, K.S.A. 60-201 *et seq.*, to the extent the rules are applicable." *State v. LaPointe*, 305 Kan. 938, 953 (Kan. Sup. Ct. 2017) (quoting Supreme Court Rule 193(a) and citing *State v. Berreth*, 294 Kan. 98, 109, 111 (Kan. Sup. Ct. 2012)).

requirement exists to "give state courts a fair opportunity to act on [his] claims." *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999) (citing *Castille v. Peoples*, 489 U.S. 346, 351 (1989)).

To satisfy the exhaustion requirement, Petitioner must have presented the very issues raised in the federal petition to the KCOA and the KCOA must have denied relief. *See Picard v. Connor*, 404 U.S. 270, 275-76 (1971); Kansas Supreme Court Rule 8.03B(a). Petitioner bears the burden to show she has exhausted available state remedies. *Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992); *see also Parkhurst v. Pacheco*, 809 Fed. Appx. 556, 557 (10th Cir. 2020).

To her credit, Petitioner acknowledges that she has not presented the issues in her federal habeas petition to the state appellate courts. She asserts that she "was never given the option to appeal the denial of the 60-1507 because there was never a hearing." (Doc. 1, p. 8.) The Court is unaware of any state-law requirement that a hearing occur on a 60-1507 motion in order for a movant to file a notice of appeal from the denial of such a motion. See *Breedlove v. State*, 310 Kan. 56 (Kan. Sup. Ct. 2019) (considering appeal from denial of a 60-1507 motion without hearing); K.S.A. 60-1507(b)(requiring hearing "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief). K.S.A. 60-1507(d) provides that "[a]n appeal may be taken to the appellate court as provided by law from the order entered on the motion as from a final judgment on application for a writ of habeas corpus."

Yet in Petitioner's case, the Montgomery County District Court filed her 60-1507 motion in her criminal case and ruled on it in

her criminal case as well. Thus, Petitioner's confusion over whether she could appeal when the district court held no hearing is at least somewhat understandable, because the KCOA has held that "[t]he judgment in a criminal case becomes effective, and the time period for appeal starts running, when the defendant's sentence is pronounced from the bench." *State v. Wilson*, 15 Kan. App. 2d 308, 310 (Kan. Ct. App. 1991). Similarly, the KSC has held that in criminal matters, "judgment is effective once pronounced from the bench." *State v. Hall*, 298 Kan.978, 988 (Kan. Sup. Ct. 2014).

This Court cannot provide legal advice to Petitioner, nor will it opine on the likelihood of a litigant's success in potential future state-court proceedings. However, it appears that Petitioner's avenues for relief in state court may not be completely foreclosed and she may yet be able to appeal the denial of her 60-1507 motion or otherwise seek relief under that statute.[3] *See State v. Hooks*, 312 Kan. 604 (Kan. Sup. Ct. 2021) (remanding to district court for determination of whether the facts underlying an untimely notice of appeal from the denial of a 60-1507 motion provided the appellate courts with jurisdiction over the appeal); *Hickson v. State*, 39 Kan. App. 2d 678, 680 (Kan. Ct. App. 2008) ("We know of no rule of law in Kansas that allows a judge to rule on a civil motion in an ended criminal case.").

Based upon the procedural history of this case, the Court will allow Petitioner additional time to decide whether she wishes to pursue additional state-court remedies to attempt to exhaust her claims. Petitioner is directed to file a status report on or before

---

[3] Petitioner is advised that Legal Services for Prisoners is available to advise on postconviction remedies and, according to its website, currently operates an office in the Topeka Correctional Facility.

December 10, 2021, advising the Court whether she intends to return to state court to further pursue her claims there. Upon receiving Petitioner's status report, the Court will resume its review of the petition and issue any additional orders as necessary.

**IT IS THEREFORE ORDERD** that Petitioner is granted until and including December 10, 2021, to file a written status report informing the Court whether she intends to pursue further state-court remedies on her claims. The clerk is directed to substitute Gloria Geither, Warden of Topeka Correctional Facility, as Respondent in this action.

**IT IS SO ORDERED.**

DATED:  This 26th day of October, 2021, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge