**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**CARRIE EARLENE WALKER,**

                **Petitioner,**

     **v.**                                            **CASE NO. 21-3245-SAC**

**GORIA GEITHER,**

                **Respondent.**

**NOTICE AND ORDER TO SHOW CAUSE**

This matter is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. It comes before the Court on Petitioner's status report, filed on December 15, 2021. (Doc. 7.) For the reasons explained below, the Court will direct Petitioner to provide another status report providing more information about her pursuit of state-court remedies.

**Background**

In January 2019, Petitioner pled no contest and/or guilty to multiple criminal charges in the district court of Montgomery County, Kansas. In June 2019, she was sentenced to 292 months in prison and she timely appealed her sentence. The Kansas Court of Appeals (KCOA) summarily dismissed her appeal, and the Kansas Supreme Court (KSC) denied her petition for review on July 29, 2020. Petitioner did not file a petition for writ of certiorari with the United States Supreme Court.

On July 23, 2021, Petitioner sent to the Montgomery County District Court a pro se motion for habeas relief under K.S.A 60-

1507.[1] The district court filed the motion under Petitioner's criminal case number and, on August 9, 2021, denied the motion.

Petitioner timely filed her federal habeas petition in this Court on October 22, 2021. (Doc. 1.) The Court conducted an initial review of the petition under Rule 4 of the Rules Governing Habeas Corpus and, on October 26, 2021, issued a Memorandum and Order (M&O) noting that it did not appear that Petitioner has exhausted all available state-court remedies. (Doc. 3, p. 2.) Because of the unusual procedural posture of Petitioner's state-court proceedings, the Court allowed Petitioner time to decide whether she wished to pursue additional state-court remedies. *Id.* at 4. The Court directed Petitioner to file a status report advising the Court whether she intends to return to state court to further pursue her claims there. *Id.* at 5.

Petitioner has now filed her status report. (Doc. 7.) She has advised the Court that she has now filed a notice of appeal from the denial of her 60-1507 in Montgomery County District Court and she is waiting for a response to her inquiry to that court as to the status of her case. *Id.* The online records of the Montgomery County District Court reflect the filing of the notice of appeal and also show that on December 8, 2021, Chief District Court Judge issued an order appointing counsel to represent Petitioner in the state-court proceedings.

As a result of these developments, the Court will instruct Petitioner to file another written report on or before February 1,

---

[1] Under Kansas law, "a K.S.A. 60-1507 motion 'is an independent civil action that must be docketed separately,' and 'the procedure on a motion under K.S.A. 60-1507 is governed by the rules of civil procedure, K.S.A. 60-201 *et seq.*, to the extent the rules are applicable." *State v. LaPointe*, 305 Kan. 938, 953 (Kan. Sup. Ct. 2017) (quoting Supreme Court Rule 193(a) and citing *State v. Berreth*, 294 Kan. 98, 109, 111 (Kan. Sup. Ct. 2012)).

2022, updating the Court on the status of her state-court proceedings at that time. Petitioner should inform the Court at that point whether she has docketed her appeal with the Kansas Court of Appeals or intends to do so and should also advise the Court of any additional information she believes relevant. Upon receipt of the status report, the Court will issue further orders as necessary.

**IT IS THEREFORE ORDERD** that Petitioner is granted until and including February 1, 2022, to file a written status report as directed in this order.

**IT IS SO ORDERED.**

DATED:  This 17th day of December, 2021, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge