IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CARRIE EARLENE WALKER,

                Petitioner,

v.                                                      CASE NO. 21-3245-JWL

GLORIA GEITHER,

                Respondent.

## NOTICE AND ORDER TO SHOW CAUSE

This matter is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Petitioner Carrie Earlene Walker, a state prisoner incarcerated at Topeka Correctional Facility in Topeka, Kansas. It has been stayed pending the completion of related state court proceedings in which Petitioner exhausted some of the claims asserted in her federal habeas petition. Those proceedings are now complete and Petitioner agrees that the stay should be lifted. (Doc. 20.) The Court has continued its initial review of the petition and it appears that two of the four grounds for relief asserted therein are subject to dismissal for the reasons explained below. The undersigned therefore will direct Petitioner to show cause, in writing, to the Honorable John W. Lungstrum, why Grounds Three and Four of this matter should not be dismissed.

**Background**

In 2019, in the District Court of Montgomery County, Kansas, Petitioner pled no contest to and was found guilty of multiple criminal charges. The state district court denied Petitioner's motion for a downward sentencing departure and sentenced her to consecutive terms of imprisonment, resulting in a controlling term of 292 months in prison. *State v. Walker*, 2023 WL 2344620, *1 (Kan. Ct. App. Mar. 3, 2023) (unpublished), *rev. denied* Mar. 19, 2024. She timely

pursued a direct appeal of her sentence, but the Kansas Court of Appeals (KCOA) summarily dismissed her appeal for lack of jurisdiction and the Kansas Supreme Court (KSC) denied her petition for review on July 29, 2020.

Petitioner then filed in the state district court a pro se motion seeking relief under K.S.A. 60-1507; she asked to withdraw her plea due to ineffective assistance of counsel. *See Walker*, 2023 WL 2344620, at *1. The district court filed Petitioner's motion in the criminal case and, without holding a hearing or appointing counsel, summarily denied the motion. *See id.*; (*see also* Doc. 3, p. 2). Because the motion was processed in the criminal case and there had been no hearing, Petitioner did not file a notice of appeal. (*See* Doc. 2-3 (citing *State v. Hall*, 298 Kan. 978, 988 (2014) (holding judgment in a criminal matter is effective "once pronounced from the bench"), and *State v. Wilson*, 15 Kan. App. 2d 308, 310 (1991) (holding "the time period for appeal [in a criminal case] starts running[] when the defendant's sentence is pronounced from the bench").)

Instead, on October 22, 2021, Petitioner filed her federal habeas petition in this Court. (Doc. 1.) She asserts four grounds for relief: (1) trial counsel provided ineffective assistance by failing to advise her of the consequences of pleading no contest and by failing to correct her understanding of the potential sentence she faced; (2) trial counsel provided ineffective assistance by "encourag[ing] her to turn down a 13 year sentence" offered during plea negotiations; (3) the state district court abused its discretion by not granting her motion for a downward sentencing departure; and (4) the judge presiding over her criminal case had a conflict of interest but did not recuse himself and Petitioner's counsel did nothing about the conflict. *Id.* at 5, 7-10.

Rule 4 of the Rules Governing § 2254 Cases in the United States District Court requires the Court to review a habeas petition and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules

2

Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254. Because Petitioner is proceeding pro se, the Court liberally construes the petition, but it may not act as Petitioner's advocate. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013). "[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

When the Court conducted this initial review, it appeared that Petitioner had not exhausted her arguments in the state courts. Thus, on October 26, 2021, the Court directed Petitioner to advise the Court, in writing, whether she intended to return to state court to pursue those claims for relief. (Doc. 3.) Petitioner elected to do so and, in May 2022, this Court stayed this federal habeas matter while Petitioner pursued an appeal of the denial of her K.S.A. 60-1507 motion. (Doc. 14.)

In April 2024, Petitioner advised this Court that her appeal was final and that she sees no reason not to lift the stay in this case and proceed. (Docs. 18 and 20.) She further advised the Court that she does not wish to file an amended petition and, instead, wishes to proceed on the petition filed in 2021. (Doc. 20.) Accordingly, the Court will now continue its Rule 4 review of the petition.

### Grounds One and Two

The Court offers no opinion on the merits of Grounds One and Two and concludes only that an initial screening shows that Rule 4 does not require dismissal of Grounds One and Two.

### Ground Three

Ground Three, in which Petitioner contends that the state district court abused its discretion by imposing consecutive sentences and denying her motion for a sentencing departure, is subject to dismissal because it fails to state a claim on which federal habeas relief can be granted. A federal "district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that [s]he is in custody in

violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). This means that in order to state a valid claim for federal habeas relief from a state-court conviction, a petitioner must allege the violation of a federal right. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."). In Ground Three, Petitioner alleges only that the state district court abused its discretion. She does not identify any federal Constitutional right that was violated by the denial of her motion for a departure sentence. (*See* Doc. 1, p. 8.) Thus, Ground Three does not state a plausible claim for federal habeas relief.

## Ground Four

Similarly, Ground Four does not clearly identify a federal Constitutional right violated by the alleged "conflict of interest" that occurred because the judge presiding over Petitioner's criminal proceedings had represented Petitioner "several years" earlier during his time as a public defender and had secured dismissal of the criminal charges in that case. *See id.* at 10. Ground Four also asserts: "When Ms. Walker's attorney was informed of the matter by Walker[,] she did nothing about it." *Id.* This assertion could be liberally construed to claim ineffective assistance of counsel, in violation of the Sixth Amendment to the United States Constitution. But it does not appear that Petitioner ever argued to the KCOA that the asserted conflict of interest implicated her constitutional right to effective assistance of counsel. *See State v. Walker*, Appellant's Brief, 2022 WL 2898662 (July 11, 2022). Thus, the argument that trial counsel was ineffective for failing to seek the presiding judge's recusal is unexhausted.

When a federal habeas petition is a mixed petition, meaning that it contains exhausted and unexhausted claims and state-court remedies are still available for the unexhausted claims, the federal court generally should dismiss the matter "without prejudice so that the petitioner can

pursue available state-court remedies." *Grant v. Royal*, 886 F.3d 874, 891-92 (10th Cir. 2018) (internal citations and quotation marks omitted). If the petitioner has failed to present a claim in the state courts and would be procedurally barred from now presenting it if he returned to state court, however, the claim is barred by anticipatory procedural default. *See Anderson v. Sirmons*, 476 F.3d 1131, 1139 n.7 (10th Cir. 2007). That is what appears to have happened here. Petitioner has not argued to the KCOA that her right to effective assistance of counsel was violated by the failure to take action on the alleged conflict of interest involving the state district judge. At this point, any K.S.A. 60-1507 motion doing so likely would be barred as successive. *See* K.S.A. 60-1507(c). Thus, the claim is barred by anticipatory procedural default.

A federal court cannot consider a state prisoner's unexhausted claim that is barred by anticipatory procedural default unless the petitioner establishes cause and prejudice for her default or establishes a fundamental miscarriage of justice. *Gray v. Netherland*, 518 U.S. 152, 162 (1996); *Fontenot v. Crow*, 4 F.4th 982, 1028 (10th Cir. 2021) (quoting *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)). To demonstrate cause for the default, Petitioner must show that some objective factor external to the defense impeded her ability to raise the claim to the state courts.[1] *See Murray v. Carrier*, 477 U.S. 478, 488 (1986). She also must show "actual prejudice as a result of the alleged violation of federal law." *See Coleman*, 501 U.S. at 750.

The anticipatory procedural default also may be excused if Petitioner can show that the failure to consider the defaulted claim would result in a fundamental miscarriage of justice. To proceed under this exception, Petitioner "must make a colorable showing of factual innocence."

---

[1] For ineffective assistance of counsel to be the "cause" that excuses a procedural default, "the assistance must have been so ineffective as to violate the Federal Constitution. In other words, ineffective assistance adequate to establish cause for the procedural default of some *other* constitutional claim is *itself* an independent constitutional claim" which "generally must 'be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." *Edwards v. Carpenter*, 529 U.S. 446, 452 (2000). Thus, for Petitioner to use the ineffective assistance of counsel as cause, she must have argued *that* ineffective assistance of counsel claim to the state courts.

*See Beavers v. Saffle*, 216 F.3d 918, 923 (10th Cir. 2000). "This exception to the general rule barring consideration of defaulted claims "is a markedly narrow one, implicated only in extraordinary cases where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Magar v. Parker*, 490 F.3d 816, 820 (10th Cir. 2007) (brackets and internal quotation marks omitted). A petitioner seeking relief under a defaulted claim and asserting a claim of innocence must show that "in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell*, 547 U.S. 518, 536-37 (2006) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

For the reasons set forth above, the undersigned will direct Petitioner to show good cause, in writing, to the Honorable John W. Lungstrum why Grounds Three and Four of this federal habeas matter should not be dismissed. If Petitioner fails to file a timely response to this order, Grounds Three and Four may be dismissed without further prior notice to Petitioner.

**IT IS THEREFORE ORDERED** that the stay of this matter is **lifted**.

**IT IS FURTHER ORDERED** that Petitioner is granted until and including July 15, 2024, to show good cause, in writing, to the Honorable John W. Lungstrum, why Grounds Three and Four of this matter should not be dismissed without prejudice for the reasons stated herein.

**IT IS SO ORDERED.**

DATED:   This 12th day of June, 2024, at Kansas City, Kansas.

S/ James P. O'Hara
JAMES P. O'HARA
United States Magistrate Judge
