IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CARRIE EARLENE WALKER,

                      Petitioner,

v.                                                                   CASE NO. 21-3245-JWL

GLORIA GEITHER,

                      Respondent.

**MEMORANDUM AND ORDER TO SHOW CAUSE**

This matter is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by Petitioner Carrie Earlene Walker, a state prisoner incarcerated at Topeka Correctional Facility in Topeka, Kansas. It was stayed in May 2022 so that Petitioner could return to state court to pursue unexhausted grounds for relief. (Doc. 14.) In April 2024, Petitioner advised that her state appeal was final. (Doc. 18.) Thereafter, she advised that she saw no reason the stay of this matter should not be lifted and that she declined the opportunity to file an amended petition. (Doc. 20.) The Court therefore continued the initial review of the petition required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner asserts four grounds for relief from her state-court criminal convictions:

> (1) trial counsel provided ineffective assistance by failing to advise her of the consequences of pleading no contest and by failing to correct her understanding of the potential sentence she faced; (2) trial counsel provided ineffective assistance by "encourag[ing] her to turn down a 13 year sentence" offered during plea negotiations; (3) the state district court abused its discretion by not granting her motion for a downward sentencing departure; and (4) the judge presiding over her criminal case had a conflict of interest but did not recuse himself and Petitioner's counsel did nothing about the conflict. *Id.* at 5, 7-10.

(*See* Doc. 21, p. 2 (citing Doc. 1, p. 5, 7-10).)

During the Rule 4 review, this Court concluded that Grounds Three and Four are subject

to dismissal, so on June 12, 2024, this Court issued a notice and order to show cause ("the NOSC") directing Petitioner to show cause, in writing, why Grounds Three and Four of this matter should not be dismissed. (Doc. 21.) Petitioner filed her response on August 14, 2024. (Doc. 24.)

### Ground Three

In the petition, Ground Three asserts: "Due to the lack of criminal history, the court abused its discretion by not granting a downward departure after it failed to appropriately weigh competing information, lack of criminal history should justify a more lenient sentence." (Doc. 1, p. 8.) In the attachment to the petition, Petitioner cites Kansas state caselaw and further asserts that the state district court "abused its discretion by not granting a downward departure after it failed to appropriately weigh competing information, lack of criminal history should justify a more lenient sentence. [*sic*]" (Doc. 1-1, p. 10.) The NOSC advised Petitioner that "Ground Three . . . is subject to dismissal because it fails to state a claim on which federal habeas relief can be granted" since it "does not identify any federal Constitutional right that was violated by the denial of her motion for a departure sentence." (Doc. 21, p. 3-4.)

In her response, Petitioner states:

> If [the district judge] had recused himself and a different judge had been overseeing my case without the prior knowledge of the 2007 dismissal, discretion may have been used in my sentencing. Excessive sentencing on my first conviction of drugs has violated my [Eighth] Amendment right, resulting in a cruel and unusual punishment.

(Doc. 24, p. 2.) To the extent that Petitioner refers to recusal by the state district judge, that argument is addressed in the analysis of Ground Four, below. Liberally construed, Petitioner advises in her response that Ground Three is intended to assert that the Eighth Amendment's prohibition of cruel and unusual punishment by the denial of her downward sentencing departure motion, which resulted in an excessive sentence.

2

This Court is unaware of any legal authority that supports the position that a sentencing judge's denial of a downward departure motion implicates the Eighth Amendment. In any event, it does not appear from the records now before the Court that Petitioner ever raised to a state court any federal constitutional argument based upon the denial of her motion for downward sentencing departure or the length of the sentence imposed upon her.

> "For a federal court to consider a federal constitutional claim in an application for habeas [relief], the claim must be 'fairly presented to the state courts' . . . ." *Prendergast v. Clements*, 699 F.3d 1182, 1184 (10th Cir. 2012) (quoting *Picard v. Connor*, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971). Thus we recognize that we must afford state courts "the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights," which those courts cannot do unless they have been "alerted to the fact that the prisoners are asserting claims under the United States Constitution." *Duncan v. Henry*, 513 U.S. 364, 365-66, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (per curiam) (quoting *Picard*, 404 U.S. at 275, 92 S. Ct. 609). A petitioner "need not cite 'book and verse on the federal constitution.'" *Bland v. Sirmons*, 459 F.3d 999, 1011 (10th Cir. 2006) (quoting *Picard*, 404 U.S. at 278, 92 S. Ct. 509). But [s]he must do "more than present[] 'all the facts necessary to support the federal claim' to the state court or articulat[e] a 'somewhat similar state-law claim.' *Id.* (quoting *Anderson v. Harless*, 459 U.S. 4, 6, 103 S. Ct. 276, 74 L. Ed. 2d 3 (1982) (per curiam)). At bottom, "the crucial inquiry is whether *the 'substance'* of the petitioner's claim has been presented to the state courts in a manner sufficient to put the courts on notice of the federal constitutional claim." *Prendergast*, 699 F.3d at 1184 (emphasis added) (citations omitted).

*Honie v. Powell*, 58 F.4th 1173, 1184 (10th Cir. 2023).

The online records of the Montgomery County – Independence District Court reflect that Petitioner challenged her sentence in her pro se K.S.A. 60-1507 motion as follows:

> I feel that due to lack of criminal history the court abused its discretion by not granting a downward departure after it failed to appropriately weigh competing information, lack of criminal history should justify a more lenient sentence. I found in *State v. Spencer*[,] 291 Kan. 796, 815-16, 248 P.3d 256 (2011), an appellate court reviewed and granted a sentence departure motion for an abuse of discretion on a single mitigating factor alone."

Montgomery County – Independence District Court Case No. 2018-CR-00386, Motion filed Aug. 9, 2021.

Nothing in that argument, even liberally construed, indicated to the state district court that Petitioner believed a federal constitutional right was violated by the denial of her downward sentencing departure motion or the resulting sentence. Moreover, it does not appear that the length of Petitioner's sentence was argued to or considered by the KCOA in the subsequent appeal. *See* Appellant's Brief, *State v. Walker*, available at 2022 WL 2898662; *see also State v. Walker*, 2023 WL 2344620 (Kan. Ct. App. Mar. 3, 2023) (unpublished), *rev. denied* Mar. 19, 2024.

Thus, Petitioner has not presented in the state courts an Eighth Amendment claim related to the denial of her downward sentencing departure motion or the length of her sentence. As explained above, this Court generally cannot consider claims in a federal habeas matter that were never presented to the state courts; such claims are unexhausted. Yet, as noted in the NOSC, Grounds One and Two of the petition appear to be exhausted. Thus, the Court is faced with a "mixed petition," meaning that the petition contains exhausted and unexhausted claims. When state-court remedies are still available for the unexhausted claims in a mixed petition, the federal court generally should dismiss the matter "without prejudice so that the petitioner can pursue available state-court remedies." *Grant v. Royal*, 886 F.3d 874, 891-92 (10th Cir. 2018) (internal citations and quotation marks omitted).

But when a petitioner fails to present a claim in the state courts and would be procedurally barred from presenting it if she now returned to state court, there is no reason to allow the petitioner the opportunity to return to state court; instead, there is an anticipatory procedural bar which prevents the federal court from addressing the claim. *See Anderson v. Sirmons*, 476 F.3d 1131, 1139 n.7 (10th Cir. 2007). A claim that was unexhausted and is now procedurally barred from being raised and exhausted in the state courts is referred to as being barred by anticipatory procedural default.

At this point, if Petitioner returned to state court to file a K.S.A. 60-1507 motion and attempt to exhaust this claim, her efforts would likely be procedurally barred. Petitioner has already sought relief under K.S.A. 60-1507. Subsection (c) of that statute provides: "The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner." K.S.A. 60-1507(c). This Court has long recognized that "[t]he successive motion rule is firmly established and is regularly followed in Kansas courts. This is an independent and adequate state procedural ground which bars this Court's reconsideration of [a] claim." *Gleason v. McKune*, No. 11-3110-SAC, 2012 WL 2952242, at *11 (D. Kan. July 19, 2012) (unpublished). Thus, Ground Three appears barred by anticipatory procedural default.

A petitioner's unexhausted claim that is barred by anticipatory procedural default cannot be considered in habeas corpus unless she establishes cause and prejudice for her default of state court remedies or establishes a fundamental miscarriage of justice. *Gray v. Netherland*, 518 U.S. 152, 162 (1996); *Fontenot v. Crow*, 4 F.4th 982, 1028 (10th Cir. 2021) (quoting *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)). To demonstrate cause for the procedural default, the petitioner must show that some objective factor external to the defense impeded her ability to comply with the state's procedural rule. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986). "Objective factors that constitute cause include interference by officials that makes compliance with the State's procedural rule impracticable, and a showing that the factual or legal basis for a claim was not reasonably available to [petitioner.]" *McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991) (internal quotation marks omitted). In addition to demonstrating cause[1], a petitioner also

---

[1] As discussed in greater detail below, the United States Supreme Court has explained that in order for ineffective assistance of counsel to constitute "cause" that excuses a procedural default, "the assistance must have been so ineffective as to violate the Federal Constitution. In other words, ineffective assistance adequate to establish cause for the procedural default of some *other* constitutional claim is *itself* an independent constitutional claim" which "generally must 'be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default.' *Edwards v. Carpenter*, 529 U.S. 446, 452 (2000). Thus, for Petitioner to use the ineffective assistance of counsel as cause for why she did not properly exhaust Ground Three in the state courts, she must have

5

must show "actual prejudice as a result of the alleged violation of federal law." *Coleman*, 501 U.S. at 750.

Alternatively, this Court may consider the merits of a claim barred by anticipatory procedural default if the petitioner shows that the failure to consider the defaulted claim would result in a fundamental miscarriage of justice. To proceed under this exception, a petitioner "must make a colorable showing of factual innocence." *Beavers v. Saffle*, 216 F.3d 918, 923 (10th Cir. 2000). This exception "is a markedly narrow one, implicated only in extraordinary cases where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Magar v. Parker*, 490 F.3d 816, 820 (10th Cir. 2007) (brackets and internal quotation marks omitted). It is available only when a petitioner can show that "in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell*, 547 U.S. 518, 536-37 (2006) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

Because the NOSC focused on the failure to identify a federal constitutional right in Ground Three, which Petitioner has now done, Petitioner will be given time in which to show cause, in writing, why Ground Three should not be dismissed as being barred by an anticipatory procedural default. It Petitioner fails to show good cause or fails to timely respond to this order, Ground Three will be dismissed as barred by an anticipatory procedural default without further prior notice to Petitioner. *See Waliallah v. Meyer*, 2023 WL 6141137, *2 (10th Cir. Sept. 20, 2023) (unpublished) (discussing district court's option in § 2254 proceeding "to apply anticipatory procedural bar to the unexhausted claim and dismiss it if the petitioner would be procedurally barred from exhausting it in state court and cannot demonstrate cause and prejudice to excuse the

---

argued *that* ineffective assistance of counsel claim to the state courts.

procedural default").

## Ground Four

In the petition, Ground Four alleges:

> A conflict of interest was overlooked in Ms. Walker's case as the sitting judge had previously been Ms. Walker's public defender several years ago in a case that he got dismissed. Is this not a finding of substantial reason for the judge to recuse himself from Ms. Walker's case? When Ms. Walker's attorney was informed of the matter by Walker[,] she did nothing about it.

(Doc. 1, p. 10; *see also* Doc. 1-1, p. 10.)

The NOSC first noted that Ground Four failed to clearly identify the federal constitutional right Petitioner believes was violated. (Doc. 21, p. 4.) The NOSC also stated that, to the extent that Ground Four could be liberally construed to assert a Sixth Amendment violation by counsel for failing to argue the conflict-of-interest issue to the state courts, that claim was barred by the doctrine of anticipatory procedural default. *Id.* at 4-5. Thus, Petitioner was directed to show cause why Ground Four should not be dismissed. *Id.* at 5-6.

Petitioner's response identifies the constitutional provision at issue in Ground Four as the Eighth Amendment's prohibition of cruel and unusual punishment. (Doc. 24, p. 2.) She further explains:

> The fact that [the district judge] represented me in a 2007 possession case that was ultimately dismissed, he was privy to information that should not have been acknowledged or considered in my sentencing on my 2019 case. . . . The honorable thing to do would have been to recuse himself because of his prior representation and the prior knowledge [of] my past. Due to the fact of his prior knowledge of information any punishment was cruel and unusual.

*Id.*

This Court is unaware of any legal authority that supports the position that a sentencing judge's conflict of interest implicates the Eighth Amendment.[2] In any event, it does not appear

---

[2] The United States Supreme Court has addressed the circumstances under which the claim of a judge's failure to

7

from the records now before the Court that Petitioner ever raised to a state court any federal constitutional argument based upon the assertion that the district judge had a conflict of interest. As explained above, this Court may not consider claims that were not fairly presented to the state courts. *See Honie*, 58 F.4th at 1184.

The online records of the Montgomery County – Independence District Court reflect that Petitioner raised the conflict of interest issue in her pro se K.S.A. 60-1507 motion as follows: "I feel that a conflict of interest was overlooked in my case as the sitting judge had previously been [my] public defender several years ago in a case that was dismissed. Is this not a finding of substantial reason for the judge to recuse himself from my case?" Montgomery County – Independence District Court Case No. 2018-CR-00386, Motion filed Aug. 9, 2021. Nothing in that argument, even liberally construed, indicated to the state district court that Petitioner believed a federal constitutional right was violated. Moreover, the conflict of interest issue does not appear to have been argued to or considered by the KCOA in the subsequent appeal. *See* Appellant's Brief, *State v. Walker*, available at 2022 WL 2898662; *see also State v. Walker*, 2023 WL 2344620 (Kan. Ct. App. Mar. 3, 2023) (unpublished), *rev. denied* Mar. 19, 2024.

Thus, Petitioner has not presented in the state courts any federal constitutional claim based on the state district judge's alleged conflict of interest. And, at this point, if Petitioner returned to state court to exhaust this claim, her efforts would likely be procedurally barred under K.S.A. 60-1507(c). *See Gleason*, 2012 WL 2952242, at *11. Thus, even liberally construing Petitioner's response, this Court returns to where it began with Ground Four and concludes that "the claim is

---

recuse implicates the Due Process Clause of the Fourteenth Amendment. *See Caperton v. A.T. Massey Coal, Co., Inc.*, 556 U.S. 868, 876-77 (2009). But Petitioner in this matter does not allege a due process violation. She clearly alleges the violation of her Eighth Amendment rights, arguing that the state judge's knowledge of her, gained in his role 12 years earlier as her public defender in a drug-related prosecution that was ultimately dismissed, made the sentenced he imposed upon her in 2019 cruel and unusual. This cannot be liberally construed as a due process claim; it explicitly rests on the Eighth Amendment's prohibition of cruel and unusual punishment.

barred by anticipatory procedural default." (Doc. 21, p. 5.) The Court therefore must decide whether Petitioner has "establishe[d] cause and prejudice for her default or establishe[d] a fundamental miscarriage of justice." *Id.* (citations omitted).

Liberally construing the response now before this Court, Petitioner argues that ineffective assistance of direct-appeal counsel is the cause for the conflict-of-interest issue not having been raised to the state courts. (Doc. 24, p. 2-3.) The United States Supreme Court has explained that in order for ineffective assistance of counsel to constitute "cause" that excuses a procedural default, "the assistance must have been so ineffective as to violate the Federal Constitution. In other words, ineffective assistance adequate to establish cause for the procedural default of some *other* constitutional claim is *itself* an independent constitutional claim" which "generally must 'be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." *Edwards v. Carpenter*, 529 U.S. 446, 452 (2000). Thus, for Petitioner to use the ineffective assistance of counsel as cause to excuse her procedural default, she must have argued *that* ineffective assistance of counsel claim to the state courts.

Nothing now before this Court indicates that Petitioner has done so. And any attempt to return to the state courts and make the argument now would likely be procedurally barred by K.S.A. 60-1507(c) as successive. Thus, Petitioner cannot use the ineffective assistance of direct-appeal counsel as cause to overcome the anticipatory procedural default that bars Ground Four. Moreover, Petitioner has not shown that she suffered actual prejudice as a result of the judge's supposed conflict of interest. (*See* Doc. 21, p. 5 (explaining that anticipatory procedural default may be overcome by a showing of "cause and prejudice," which means that Petitioner "must show 'actual prejudice as a result of the alleged violation of federal law'").)

Petitioner's general assertion in her response that the district judge's awareness of

information about her due to his previously representing her is insufficient to show actual prejudice. Petitioner has not alleged what information from the prior representation was considered by the district judge, what effect that consideration had on her sentence, or any other details that might show actual prejudice resulted from the alleged conflict of interest. Nor does Petitioner make a colorable showing of factual innocence, as required to overcome the procedural default by showing that failure to consider her argument in Ground Four would result in a fundamental miscarriage of justice. (*See* Doc. 21, p. 5-6.) Accordingly, the Court maintains its previous conclusion that Ground Four should be summarily dismissed. *See Waliallah*, 2023 WL 6141137, at *2.

## Conclusion

For the reasons stated above, the Court concludes that Ground Three of this matter appears barred by anticipatory procedural default. Petitioner will be granted time in which to show cause, in writing, why Ground Three should not be dismissed. In addition, as explained above, the Court maintains its prior conclusion that Ground Four is barred by anticipatory default. Even liberally construing her response, Petitioner has failed to show the required cause and prejudice to overcome that bar, nor has she shown that the failure to consider Ground Four will result in a fundamental miscarriage of justice. Accordingly, Ground Four will be dismissed with prejudice[3] as barred by anticipatory procedural default.

**IT IS THEREFORE ORDERED** that Petitioner is granted to and including **September 20, 2024**, in which to show good cause, in writing, why Ground Three of this matter should not be dismissed as barred by anticipatory procedural default. If Petitioner fails to do so or fails to timely

---

[3] *See Fuller v. Warden, Ark. Valley Corr. Facility*, 698 Fed. Appx. 929, 934, 943 (10th Cir. 2017) (unpublished) (declining to issue certificate of appealability where district court dismissed with prejudice procedurally defaulted claims).

respond to this order, Ground Three will be dismissed without further prior notice to Petitioner.

**IT IS FURTHER ORDERED** that Ground Four of this matter is **dismissed** with prejudice as barred by anticipatory procedural default.

**IT IS SO ORDERED.**

DATED:   This 19th day of August, 2024, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge
