**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**CARRIE EARLENE WALKER,**

                        **Petitioner,**

        **v.**                                         **CASE NO. 21-3245-JWL**

**GLORIA GEITHER,**

                        **Respondent.**

**<u>MEMORANDUM AND ORDER</u>**

This matter is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Petitioner and state prisoner Carrie Earlene Walker, who is currently incarcerated at Topeka Correctional Facility in Topeka, Kansas. Petitioner seeks federal habeas relief from multiple convictions entered after she pled no contest and/or guilty to criminal charges in the district court of Montgomery County, Kansas in 2019.

Petitioner filed her petition on October 22, 2021 and this matter was stayed in May 2022 so that Petitioner could exhaust state-court remedies. (Docs. 1 and 14.) Petitioner's state appeal became final earlier this year and she declined the opportunity to file an amended petition. (*See* Docs. 18 and 20.) The petition in this matter asserts four grounds for relief. Grounds One and Two assert that Petitioner received ineffective assistance of counsel with respect to the plea, Ground Three asserts that the state district court abused its discretion by denying her motion for a downward sentencing departure, and Ground Four asserts a conflict of interest on the part of the state district judge. (Doc. 1, at 5, 7-10.)

In June 2024, the Court issued an order explaining that Ground Three was subject to dismissal because it did not assert the violation of a federal Constitutional provision or another

1

federal right, as required for a state prisoner to obtain federal habeas relief. (Doc. 21, p. 3-4.) Similarly, Ground Four did not identify a specific federal right at issue. But unlike Ground Three, this Court could liberally construe Ground Four to assert a Sixth Amendment violation. *Id.* at 4. If Ground Four was so construed, however, the argument was unexhausted and appeared barred by anticipatory default. *Id.* at 4-5. The Court therefore set forth the ways in which a § 2254 petitioner may overcome this bar and gave Petitioner time in which to show cause why Grounds Three and Four should not be dismissed. *Id.* at 5-6.

Petitioner responded, arguing that Grounds Three and Four were both intended to assert an Eighth Amendment violation. (Doc. 24, p. 2.) On August 19, 2024, this Court issued a memorandum and order to show cause, in which it dismissed Ground Four—even when considered as an Eighth Amendment claim—as barred by anticipatory procedural default, finding that Petitioner had not overcome that bar. (Doc. 25, p. 7-11.) The Court further noted that Ground Three's Eighth Amendment argument similarly appeared barred by anticipatory procedural default, but it gave Petitioner time in which to show cause why Ground Three should not be dismissed. *Id.* at 2-7.

Petitioner has timely filed her response and explains that she does "not know how to show good cause . . . why Ground three should not be dismissed as barred by anticipatory procedural default." (Doc. 26, p. 1.) Petitioner advises that she has "filed for new counsel and a motion to correct #2 Revised K.S.A. 22-3504 [*sic*]." *Id.* Because K.S.A. 22-3504 is a state statute, relief under K.S.A. 22-3504 must be sought in state court. Thus, the Court concludes that Petitioner is advising this Court that she has filed the motions in state court.[1] Petitioner also advises that she

---

[1] To the extent that the response could be liberally construed to request appointment of counsel in this federal habeas matter, the Court denies that request. Generally speaking, Petitioner has no constitutional right to counsel in a federal habeas corpus action. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Rather, the decision whether to appoint counsel rests in the Court's discretion. *Swazo v. Wy. Dept. of Corr. State Penitentiary Warden*, 23 F.3d 332, 333 (10th

has been participating in prison programs and treatment so that she can improve herself and change her life. *Id.* at 1-2.

The Court commends Petitioner on taking advantage of the programs and treatment available to her during her incarceration. Even liberally construed, however, the response does not establish the cause and prejudice needed to overcome the bar of anticipatory procedural default of Ground Three, nor does the response make a colorable showing that Petitioner is factually innocent of her crimes of conviction. Accordingly, the Court maintains its earlier conclusion that Ground Three is barred by anticipatory procedural default and the Court will dismiss Ground Three on that basis as required by Rule 4.

The Court has completed reviewing the petition as required by Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts. The Court finds that:

1. Grounds Three and Four are barred by anticipatory procedural default, leaving only Grounds One and Two for consideration.

2. Petitioner is presently a prisoner in the custody of the State of Kansas; and

3. Petitioner demands her release from such custody, and as grounds therefore alleges that she is being deprived of her liberty in violation of her rights under the Constitution of the United States, and she claims that she has exhausted all remedies afforded by the courts of the State of Kansas with respect to the arguments made in Grounds One and Two of her petition.

---

Cir 1994). A court may appoint counsel if it "determines that the interest of justice so require." 18 U.S.C. § 3006A(a)(2)(B). "The burden is on the applicant to convince the court that there is sufficient merit to his [or her] claim to warrant the appointment of counsel." *Steffey v. Orman*, 451 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). When deciding whether to appoint counsel, the Court must consider "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his [or her] claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979). The Court has considered these factors and finds that on the information now before this Court, the interest of justice does not require appointment of counsel.

**IT IS THEREFORE ORDERED**

1. That Ground Three of this matter is **dismissed with prejudice** as barred by anticipatory procedural default.

2. That pursuant to Rule 5 of the Rules Governing Section 2254 Cases, Respondent shall file an answer on or before **November 18, 2024** showing why the writ should not be granted based on the arguments in Grounds One and Two of the petition and attachments thereto.

3. That the answer should address:

   a. The necessity for an evidentiary hearing on Ground One or Ground Two as alleged in Petitioner's pleading;

   b. Whether the arguments in Grounds One and Two of the petition are barred by a statute of limitations or any other procedural bar; and

   c. An analysis of Grounds One and Two and any cases and supporting documents relied upon by Respondent in opposition to the same.

   Respondent shall cause to be forwarded to this Court for examination and review the records and transcripts, if available, of the criminal proceedings complained of by Petitioner. If a direct appeal of the judgment and sentence of the trial court was taken by Petitioner, Respondent shall furnish the records, or copies thereof, of the appeal proceedings and any subsequent postconviction proceedings.

4. That upon the termination of the proceedings herein, the clerk of this Court will return to the clerk of the proper state court all state court records and transcripts.

5. That Petitioner be granted to and including **December 18, 2024** to file a traverse— or reply—to the answer, admitting or denying, under oath, all factual allegations

therein contained.

6.  That the clerk of this Court then return this file to the undersigned for such other and further proceedings as may be appropriate; and that the clerk of this Court transmit copies of this order to Petitioner and to the office of the Attorney General for the State of Kansas.


**IT IS SO ORDERED.**

DATED:   This 17th day of September, 2024, at Kansas City, Kansas.


S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge