IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CARRIE EARLENE WALKER,

                Petitioner,

      v.                                                        CASE NO. 21-3245-JWL

GLORIA GEITHER,

                Respondent.

## MEMORANDUM AND ORDER

      This matter is a petition for writ of habeas corpus under 28 U.S.C. § 2254. Petitioner and state prisoner Carrie Earlene Walker proceeds pro se and challenges the constitutionality of her convictions and sentences, arguing that she received ineffective assistance of counsel. (Doc. 1, p. 5, 7.) Grounds Three and Four of the petition were dismissed earlier in these proceedings. Having considered the merits of Petitioner's remaining claims, together with the state-court record and relevant legal precedent, the Court concludes that Petitioner is not entitled to federal habeas corpus relief and denies the petition.

### Nature of the Petition

      Petitioner seeks federal habeas relief from the 292-month controlling sentence imposed after she pled no contest to multiple drug-related offenses. (Doc. 10, p. 1.) The petition, as originally filed, contained four asserted grounds for relief. *Id.* at 5, 7-10. In an order issued on August 19, 2024, the Court dismissed Ground Four of this petition with prejudice as barred by the doctrine of anticipatory procedural default. (Doc. 25.) In an order issued on September 17, 2024, the Court dismissed Ground Three for the same reason. (Doc. 27.) Liberally construed, the remaining grounds for relief in the pro se petition assert that Petitioner's rights under the Sixth Amendment to the United States Constitution, made applicable to the States through the

Fourteenth Amendment, were violated when her attorney provided ineffective assistance of counsel. (Doc. 1, p. 5, 7.) Although Petitioner does not specifically articulate in the petition the relief she seeks, the Court liberally construes the pro se petition to seek reversal of the convictions at issue.

## Evidentiary Hearing

Pursuant to Rule 8 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court determines that an evidentiary hearing is not required in this matter. "[I]f the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007); *see also Anderson v. Att'y Gen. of Kansas*, 425 F.3d 853, 859 (10th Cir. 2005) ("[A]n evidentiary hearing is unnecessary if the claim can be resolved on the record."). The record in this case is sufficient to resolve the issues before the Court and it precludes habeas relief.

## Factual and Procedural Background[1]

Due to the nature of Petitioner's claims in this matter, there is no need to recount the events that led to Petitioner being criminally charged. It is enough to say that in August 2018, Petitioner was charged with multiple crimes. (Doc. 33-2, p. 26-29.) As the Kansas Court of Appeals (KCOA) stated:

> Although Walker's appointed counsel worked to negotiate a plea agreement with the State, Walker chose to enter no-contest pleas to all charges without concessions from the State. In pleading to all charges within the complaint, Walker rejected a plea offer from the State. Although the record failed to specify the details of the rejected plea offer, Walker's motion alleged it contained these terms: the State would offer 13 years in prison, and she would waive the right to seek a sentencing departure.
>
> At the plea hearing, Walker confirmed that she had read and understood a

---

[1] To the extent that the facts in this section are taken from the opinion of the Kansas Court of Appeals, this Court presumes that the state court's findings of fact are correct unless Petitioner rebuts that presumption "by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

> written acknowledgment of rights. That document advised Walker that the court was not bound to honor any agreement regarding sentencing and that the court could order the sentences to run consecutively up to twice the duration of the base offense. The acknowledgment of rights also disclosed the sentencing ranges for each offense. And at the plea hearing, the district court reviewed the charges with Walker and told her the applicable sentencing range for each offense. After advising Walker of her rights, the district court accepted Walker's no-contest pleas.

*State v. Walker*, 2023 WL 2344620, *1 (Kan. Ct. App. Mar. 3, 2023) (unpublished), *rev. denied* Mar. 19, 2024.

The district court found Petitioner guilty of three counts of use of a communication facility in the commission of a felony drug violation; one count of distributing methamphetamine; and two counts of distributing methamphetamine within 1,000 feet of a school. (Doc. 1, p. 1; Doc. 33-2, p. 71-94.) Prior to sentencing, Petitioner filed a motion for a downward durational and dispositional sentencing departure, but the district court denied the motion and sentenced her to a controlling term of 292 months in prison. *Walker*, 2023 WL 2344620, at *1. Petitioner appealed, but the KCOA summarily dismissed her appeal for lack of jurisdiction and, on July 29, 2020, the Kansas Supreme Court (KSC) denied her petition for review. *See id.*; (Doc. 33-2, p. 136).

In July 2021, Petitioner filed in the state district court a pro se motion under K.S.A. 60-1507 seeking to withdraw her plea. *See Walker*, 2023 WL 2344620, at *1; (Doc. 33-2, p. 125-32). The district court filed Petitioner's motion in her criminal case and summarily denied the motion on August 9, 2021. *Walker*, 2023 WL 2344620, at *1; (*see also* Doc. 3, p. 2; Doc. 33-2, p. 119-24). Petitioner did not file a notice of appeal.

On October 22, 2021, Petitioner filed in this Court the federal habeas petition that is now before the Court. (Doc. 1.) Shortly thereafter, the Court issued a memorandum and order explaining that the claims in the federal habeas petition were unexhausted, but it appeared that avenues for exhaustion may still remain in state court. (Doc. 3, p. 1-5.) Thus, the Court ordered

Petitioner to clarify whether she intended to appeal the denial of her K.S.A. 60-1507 motion. *Id.* After Petitioner did so and docketed her appeal in the KCOA, this Court stayed this federal habeas case pending completion of the appeal. (Doc. 14.) The KCOA affirmed the denial of Petitioner's K.S.A. 60-1507 motion on March 3, 2023, and the Kansas Supreme Court (KSC) denied her petition for review on March 19, 2024.

In June 2024, this Court lifted the stay of this federal habeas case and directed Petitioner to provide briefing regarding the exhaustion of Grounds Three and Four. (Doc. 21.) Petitioner was given the opportunity to show good cause why Grounds Three and Four should not be dismissed because consideration of the merits of the arguments therein is barred by the doctrine of anticipatory procedural default. (Docs. 21 and 25.) Petitioner responded, but the Court ultimately dismissed Grounds Three and Four for this reason. (Docs. 25 and 27.)

On September 17, 2024, the Court ordered Respondent Gloria Geither to file an answer showing why the writ should not be granted based on the arguments in the remaining two asserted grounds for relief. (Doc. 27.) Respondent timely filed her answer on January 31, 2025. (Doc. 32.) On May 21, 2025, Petitioner timely advised the Court that she would not file a traverse. (Doc. 37.) Thus, the matter is now fully briefed and ready for decision.

## Standard of Review

This matter is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA). Under the AEDPA, when a state court has adjudicated the merits of a claim, a federal court may grant habeas relief only if the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," 28 U.S.C. § 2254(d)(2).

4

> [A] state-court decision is "contrary to" the Supreme Court's clearly established precedent if it "applies a rule that contradicts the governing law set forth in [Supreme Court] cases" or if it "confronts a set of facts that are materially indistinguishable from a decision of th[e] Court and nevertheless arrives at a result different from that precedent."

*Harmon v. Sharp*, 936 F.3d 1044, 1056 (10th Cir. 2019) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-08 (2000)).

An "unreasonable application of" federal law "must be objectively unreasonable, not merely wrong." *White v. Woodall*, 572 U.S. 415, 419 (2014) (internal quotation marks omitted). These standards are intended to be "difficult to meet," *Harrington v. Richter*, 562 U.S. 86, 102 (2011), and require that state-court decisions receive the "benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002). Petitioner "'carries the burden of proof'" to show that she is entitled to federal habeas relief under the AEDPA. *See Frederick v. Quick*, 79 F.4th 1090, 1103 (10th Cir. 2023) (quoting *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011)), *cert. denied* June 10, 2024.

The Sixth Amendment right to effective assistance of counsel applies during plea negotiations. *Frye v. Missouri*, 566 U.S. 134, 140 (2012). "When a state prisoner asks a federal court to set aside a sentence due to ineffective assistance of counsel during plea bargaining, [Supreme Court] cases require that the federal court use a '"doubly deferential standard"' of review that gives both the state court and the defense attorney the benefit of the doubt." *Burt v. Titlow*, 571 U.S. 12, 15 (2013) (citation omitted). For a state prisoner who was convicted after a plea of guilty or no contest to show ineffective assistance of counsel, he or she "must show that counsel's performance fell below an objective standard of reasonableness and that, but for counsel's error, the defendant would have insisted upon going to trial." *See United States v. Silva*, 430 F.3d 1096, 1099 (10th Cir. 2005).

**Discussion**

**Ground One**

In Ground One, Petitioner asserts that she received ineffective assistance of counsel when her attorney failed to advise her of the consequences of pleading no contest and failed to ensure she understood the potential sentence she faced. Specifically, Petitioner argues that her attorney "never advised [her] of the possible outcome and that pleading 'no contest' was a plea agreement in itself." (Doc. 1, p. 5.) Petitioner also contends that she received "a harsher sentence than [she] was led to believe" she would receive. *Id.*

When presented with this issue, the KCOA applied "the constitutional standard of ineffective assistance of counsel set by *Strickland v. Washington*, 466 U.S. 668, 687 (1984)," and reasoned:

> We first consider Walker's assertion that she entered her no-contest pleas because defense counsel failed to advise her of the potential consequences of doing so. We accept as true Walker's allegation that defense counsel failed to tell her about the direct consequences of entering the plea. Still, Walker cannot establish prejudice. The record shows that Walker entered the no-contest pleas against the advice of her counsel. Although the details of the agreement were not disclosed, the State offered Walker a plea agreement, and Walker rejected the plea offer against her counsel's advice.
>
> Under Walker's version of the facts, defense counsel did not falsely advise her of the potential legal consequences but failed to advise her of those consequences at all. Even so, undisputed evidence in the record establishes that Walker was informed in other ways of the potential consequences of pleading to any or all of the charged offenses. The written acknowledgment of rights, which Walker admitted she had reviewed with defense counsel, listed the potential sentencing ranges for each offense and noted that the maximum sentence could be up to double the sentence for the base offense. The State had charged Walker with two severity level 1 drug felonies, which carried a potential sentencing range of 138 months to 204 months. Doubled, the potential controlling sentence could be between 276 months and 408 months. And the district court reviewed these sentencing ranges with Walker at the plea hearing before it accepted her plea.
>
> Walker's decision to enter her no-contest pleas after the district court reviewed the potential direct consequences of her plea undermines her claim of

> prejudice from defense counsel's alleged failure to review these potential consequences with her. Having heard what prison terms she potentially faced, Walker insisted on moving ahead with her plea. This establishes that the potential consequences weighed lightly in her decision to enter pleas. She cannot objectively establish that, but for defense counsel's failure to advise her of the potential consequences of the pleas, she would have insisted on going to trial.

*Walker*, 2023 WL 2344620, at *3-4.

Respondent argues in her answer to the petition that the KCOA's decision was not contrary to clearly established Federal law, did not involve an unreasonable application of clearly established Federal law, and was not based on an unreasonable factual determination. (Doc. 32, p. 11-14); *see also* 28 U.S.C. § 2254(d). More specifically, Respondent contends that the KCOA correctly cited and applied the controlling federal law for ineffective assistance of counsel claims—*Strickland*—and correctly held that Petitioner could not establish the prejudice required by that law. *Id.* at 12-14. In addition, Respondent highlights the KCOA's determination that Petitioner's factual allegation that her counsel failed to advise her of the consequences of pleading no contest was unsupported by and inconsistent with the record. *Id.* at 12-13.

The Court has carefully reviewed the KCOA's analysis, set forth above, and the relevant state-court records and concludes that the KCOA did not base its decision on an unreasonable determination of the facts in light of the evidence before it. Moreover, the KCOA applied *Strickland*, which is the clearly established Federal law that governs questions of ineffective assistance of counsel. As the KCOA reasoned, Petitioner was not prejudiced by any failure of counsel to ensure she understood the consequences of her plea or the potential sentences she faced since Petitioner was given that information in other ways and nevertheless proceeded to plead no contest to all charges.

Petitioner has not shown that the KCOA's application of the law was unreasonable or contrary to *Strickland* or that the KCOA's decision was based on an unreasonable determination

7

of the facts in light of the evidence before it. Thus, Petitioner has not shown that she should receive federal habeas relief based on Ground One.

**Ground Two**

In Ground Two, Petitioner asserts trial counsel was ineffective by "encourag[ing] her to turn down a 13 year sentence" offered during plea negotiations. (Doc. 1, p. 7.) The KCOA addressed Petitioner's allegation that her counsel "advised her to turn down the State's plea offer of 13 years in prison," noting that because the district court had not held an evidentiary hearing on the issue, the KCOA was required to "accept [Petitioner's] allegations as true, if they are plausible given the other facts of the case." *Walker*, 2023 WL 2344620, at *4 (citation omitted). The KCOA continued, however:

> . . . Walker's assertions are largely contradicted by the record. Her motion alleges that her trial counsel advised her to turn down the State's plea offer of 13 years in prison. But at the plea hearing, the State made a record that Walker's decision to turn down the plea agreement was against the advice of counsel. Yet Walker did not object to that characterization or inform the court that counsel had advised her not to take the State's plea offer. Her silence then cuts against her assertions now.
>
> Walker's allegations about her trial counsel's advice are logically inconsistent with defense counsel's position at the plea hearing. Trial counsel could not advise Walker both to accept the State's plea offer for 13 years and also to reject that offer and pursue a sentencing departure. Trial counsel may have presented both possibilities as options, allowing Walker to choose the option she believed most advantageous. But presentation of a client's legal options does not constitute deficient legal representation and would not support Walker's request to withdraw her pleas. [Citations omitted.] Walker rejected the option her trial counsel advocated, even if trial counsel had presented the option Walker chose as viable. An undesirable result does not alone establish ineffective assistance of counsel. See *Strickland*, 466 U.S. at 690 ("Criminal trials resolved unfavorably to the defendant would increasingly come to be followed by a second trial, this one of counsel's unsuccessful defense.").
>
> To credit Walker's allegations as a basis to withdraw her pleas, the district court would have to conclude that trial counsel told Walker one thing but told the court another—that counsel privately advised Walker to reject the State's plea offer for 13 years in prison to pursue a sentencing departure but then publicly told the

8

> court that she had advised Walker to accept the State's plea offer. Yet trial counsel gained nothing by asserting to the court that Walker had rejected the State's plea offer against the advice of counsel. If she had advised Walker to plead to all charges and pursue a sentencing departure, trial counsel could have simply told the court that she had discussed the plea offer with Walker and that Walker rejected it. There would be no need for trial counsel to falsely assert that Walker's rejection of the plea offer went against counsel's advice.
>
> Although the record contains nothing about trial counsel's private discussions with Walker, the record contradicts Walker's assertions that she rejected the State's plea offer on the advice of counsel. Walker did not allege sufficient facts to justify holding an evidentiary hearing on her allegations.

*Id.* at *4-5.

Petitioner similarly asserts to this Court that counsel encouraged her to reject a plea agreement that included a controlling sentence of 13 years in prison. (Doc. 1, p. 7.) Respondent argues that the KCOA's finding that this assertion was unsupported by the record, when viewed in the highly deferential light required on federal habeas review, was reasonable. (Doc. 32, p. 14-16.) Respondent further contends that even if Petitioner's counsel did encourage her to reject a plea agreement that included a 13-year sentence, such advice would not constitute ineffective assistance of counsel because "13 years in prison was longer than the time Petitioner would serve if the district court imposed the standard sentence and ran the other convictions concurrent with the base sentence." *Id.* at 16-17.

The KCOA's decision hinged upon its finding that the factual allegation on which Ground Two rested was contradicted by the record. This Court presumes that the state court's findings of fact are correct unless Petitioner rebuts that presumption "by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). *See also Wood v. Allen*, 558 U.S. 290, 301 (2010) ("[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance."). Petitioner has not offered clear and convincing evidence that the KCOA's factual finding was unreasonable in light of the evidence before it. Nor

has she identified any unreasonable application of clearly established federal law by the KCOA with respect to its ruling on this argument. Thus, Petitioner has failed to show that she should receive federal habeas relief based on Ground Two.

## Conclusion

In summary, Petitioner has failed to meet the standards for federal habeas relief on Grounds One and Two of the petition, so those grounds are denied on their merits. Grounds Three and Four were dismissed earlier in this matter because the doctrine of anticipatory procedural default barred consideration of their merits.

Because the Court enters a decision adverse to Petitioner, it must consider whether to issue a certificate of appealability. Under Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a COA. *Id.* at 485. The Court concludes that its procedural rulings in this matter are not subject to debate among jurists of reason.

Where the Court denies a habeas claim on its merits, a certificate of appealability should issue "only if the applicant has made a substantial showing of the denial of a constitutional right," and the Court identifies the specific issue that meets that showing. 28 U.S.C. § 2253. The Court finds Petitioner has not made a substantial showing of constitutional error in the state courts and declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that the petition for habeas corpus is denied. No certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED: This 23rd day of May, 2025, at Kansas City, Kansas.

s/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge
